UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANTHONY BOND,<br><br>  Plaintiff,<br><br>  v.<br><br>LAKE COUNTY SHERIFF'S DEPARTMENT,<br><br>  Defendant. | Case No. 14-cv-05346-KAW<br><br>**ORDER OF SERVICE** |

Plaintiff William Anthony Bond, a state prisoner incarcerated at the Lakeport County Jail ("LCJ"), has filed a *pro se* action alleging the violation of his rights under the Americans with Disabilities Act by the Lakeport County Sheriff's Department. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") with a completed IFP application, which is granted in a separate order. The Court now addresses the claims asserted in Plaintiff's complaint.

## DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq.* ("ADA"), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To allege a claim for a violation of Title II of the ADA, a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). The public entity, rather than any individual officer, would be the proper defendant for an ADA claim.

In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

The anti-retaliation provisions of Title II, set forth in 28 C.F.R. § 35.134, provide standing for non-disabled persons. A non-disabled person who has been retaliated against for attempting to protect the rights of the disabled has standing to sue under Title II of the ADA. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 827-28 (9th Cir. 2009).

II.     Plaintiff's Claim

Plaintiff alleges that, after he was arrested in March 2014, he requested to use the text telephone to call his daughter who is deaf. Plaintiff was denied access to the text telephone for two months, then allowed to use it two or three times and then denied access for three more months. Plaintiff alleges that officers have ridiculed him because his daughter is deaf and he is being denied access to the text telephone. On November 6, 2014, Plaintiff was told that he must use the text telephone in the thirty minutes he is allowed out of his cell every day, which is the only time he is allowed to take a shower. Therefore, if he calls his disabled daughter, he cannot

take a shower that day.

Although Plaintiff himself is not disabled, a non-disabled person has standing to assert a retaliation claim under the ADA for protecting the rights of a disabled person. Liberally construed, Plaintiff's allegations state a claim for retaliation for protecting the rights of his disabled daughter. The proper defendant for an ADA claim is the public entity rather than individual defendants. The Lake County Sheriff's Department, therefore, is the proper defendant.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable ADA retaliation claim against the Lake County Sheriff's Department.

2. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Sheriff Brian Martin, in his official capacity, Lake County Sheriff's Department.</u> A courtesy copy of the complaint with attachments and this Order shall also be mailed to the Office of the Lake County Counsel.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If

service is waived after the date provided in the Notice but before Defendant has been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

    4. The following briefing schedule shall govern dispositive motions in this action:

        a. No later than <u>thirty</u> days from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. If Defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    At the time of filing the motion for summary judgment or other dispositive motion, Defendant shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.

        b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than <u>twenty-eight</u> days after the date on which Defendant's motion is filed.

    Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply

4

by repeating the allegations of his complaint.

   c. Defendant <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

 6. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

 7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

 8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>seven</u> days prior to the deadline sought to be extended.

 9. Defendant shall file his Consent or Declination to Magistrate Judge Jurisdiction thirty days from the date of this Order. The Clerk shall send the Consent or Declination form to Defendant with this Order.

 **IT IS SO ORDERED**.

Dated: February 20, 2015

_Kandis Westmore_
_____
KANDIS A. WESTMORE
United States Magistrate Judge